53 CCPA

**AMERICAN CYANAMID COMPANY,**
Appellant,

v.

**UNITED STATES RUBBER COMPANY,**
Appellee.

**Patent Appeal No. 7544.**

United States Court of Customs and Patent Appeals.

March 17, 1966.

James Edwin Archer, Stamford, Conn., for appellant.

David B. Miller, New York City (Elmer Stewart, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board (142 USPQ 359) sustaining appellee's opposition to registration on the Principal Register of the word mark CYGON on application serial No. 107,307, filed October 28, 1960, by appellant. The mark is sought to be registered for "an insecticide" and the claimed date of first use is September 15, 1960.

Opposition is based in part on prior use and registration of PHYGON for "fungicides," Reg. No. 430,237, granted June 10, 1947, to United States Rubber Company under the Act of February 20, 1905. The evidence shows extensive and continuing use of the mark. Opposer alleges similarity of the marks in sound, appearance, and meaning, and likelihood of misuse due to confusion of products

when appellant's insecticides are sold under the mark CYGON, as well as damage from the registration if granted.

The record also shows that opposer has sold a combination fungicide-insecticide under the trademark PHYGON, marketed as a rose dust. Opposer sells insecticides under other trademarks.

PHYGON is marketed as a dry powder to be greatly diluted in water for use. CYGON is sold as an emulsifiable liquid in two different concentrations, also to be diluted in water for use.

There is some overlap in advertised uses in that both PHYGON and CYGON are recommended for use on apple trees, azaleas, and roses, albeit for different purposes.

Both products fall into the class of agricultural chemicals and they are both pesticides. They are sold through the same channels of trade to the same consumers, namely, farmers.

■ The board felt that "it is clear that the products of the parties are of such a nature that they would be attributed to a single producer if sold under the same or similar mark." While that might be true in the case of the same mark, we cannot agree that the similar marks here, under the circumstances of this case, would likely lead to confusion *as to source*. The evidence shows that, with a single exception on the part of appellant, the producers' names are prominently associated with the marks on labels in such a way as to preclude mistake as to the origin of the goods. As to the exception, the evidence is that the distributor's name appears in place of that of the producer.

■ However, the similarity in sound and spelling, particularly the former, is sufficient, we think, to create a likelihood of various kinds of confusion and mistake, considering the close relationship of the goods in use. They are both for use on the farm and would, we presume, be used by workers of divers degrees of intelligence, experience, and carefulness. While a farm manager planning a spraying *program would no doubt exercise*

such a degree of care in selecting and compounding his spray as to preclude mistake on his part, we see merit in appellee's argument that the sale, purchase, and handling of CYGON and PHYGON products at the verbal level, possibly under noisy conditions, might result in confusion or mistake and even damage to crops through a confused worker applying the wrong material.

■ Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)) prohibits registration of a mark if it would "be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive," without limitation as to the kind of confusion, mistake or deception. This provision is not limited to confusion, mistake or deception as to origin of the goods, though that is the question most often involved.

■ We are aware that denial of registration is not a denial of the right to use and that this decision may not affect existing practices but we are governed by the provisions of the statute.

We do not see error in the decision of the board to sustain the opposition on the ground of likelihood of confusion or mistake and it is therefore affirmed.

Affirmed.